**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CRIMINAL NO. 00-138 (GEB) |
| Plaintiff, | : |
| v. | : **OPINION** |
| GERALD O. JACKSON, | : |
| Defendant. | : |

**BROWN, JR., Chief Judge**

This matter comes before the Court upon motion by defendant Gerald O. Jackson for an Order directing the plaintiff, United States of America (the "Government"), to disclose the Grand Jury transcripts of witness testimony, namely, Orlando Caprio, Sunny Mbonu-Ike, Roseanne Calise, Vincent Calise, and all witnesses who testified before the Grand Jury. (Docket entry no. 104). Jackson brings this motion pursuant to Fed.R.Crim.P., Rule 6(e)(3)(C). Although the Government was served with defendant's motion, no response has been submitted. This motion is decided without oral argument pursuant to Fed.R.Civ.P. 78. For the following reasons, the motion will be denied.

BACKGROUND

Jackson was arrested on September 23, 1999, and indicted on March 10, 2000, along with two other defendants, Vincent Calise and Roseanne Calise. The defendants were charged with one count

of conspiracy to possess with intent to distribute and distribute more than 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a) and 846.

Jackson was convicted by jury trial on October 5, 2000. On January 2, 2001, this Court imposed a sentence of 262 months in prison followed by a four-year term of supervised release. Jackson promptly appealed his conviction and sentence to the United States Court of Appeals for the Third Circuit. On August 5, 2002, the Third Circuit affirmed the judgment of conviction. The United States Supreme Court denied Jackson's petition for a writ of certiorari on February 6, 2003.

Thereafter, on or about December 1, 2003, Jackson timely filed a motion to vacate his sentence under 28 U.S.C. § 2255, asserting numerous claims of ineffective assistance of counsel. This Court denied the § 2255 motion on August 24, 2004. Jackson filed a motion for reconsideration, on or about September 10, 2004, which was denied on October 6, 2004. By Order dated January 14, 2005, this Court declined to issue a certificate of appealability. Jackson again appealed to the Third Circuit. In an Order dated May 9, 2005, the court concluded that this Court did not abuse its discretion in denying Jackson's motion for

reconsideration and further denied Jackson's request for issuance of a certificate of appealability.[1]

Jackson then filed another motion, on or about pursuant to Fed.R.Civ.P. 59(e), which also was denied on October 12, 2004. Jackson appealed to the Third Circuit. Neither the Third Circuit or this District Court issued a certificate of appealability ("COA").

On or about January 30, 2006, Jackson filed yet another motion related to his § 2255 application, namely, he sought to vacate this Court's denial of his § 2255 motion pursuant to Fed.R.Civ.P. 60(b)(6). Specifically, Jackson sought the issuance of a certificate of appealability so that the Third Circuit could consider whether Crawford v. Washington, 541 U.S. 36 (2004) should apply retroactively to cases on collateral review. This Court denied the Rule 60(b) motion in an Opinion and Order issued on or about April 25, 2006, finding that Jackson failed to

---

[1] On July 25, 2005, the Third Circuit denied Jackson's petition for a writ of mandamus in which Jackson sought to compel this Court to rule upon a supplemental motion in his § 2255 proceedings that raised a claim under Blakely v. Washington, 542 U.S. 296 (2004). The court observed that this District Court had provided Jackson with notice under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and that Jackson had supplemented his § 2255 motion with several additional claims, all of which had been adjudicated in the August 25, 2004 Order. Further, the Third Circuit noted that although this Court had not specifically addressed the Blakely claim, Jackson did not re-raise it on his motion for reconsideration or on appeal, and thus, he had other adequate means of relief to pursue his claim rather than invoke the drastic remedy of a mandamus action.

present extraordinary circumstances to warrant Rule 60(b) relief. The Third Circuit denied a certificate of appealability on December 11, 2006.

Recently, on May 5, 2009, Jackson filed a motion for disclosure of his Grand Jury minutes in this closed criminal matter. In his motion, Jackson states that disclosure of the Grand Jury transcripts "is needed to supplement his Petition for Hearing currently pending before the [United States] Court of Appeals [for the] Third Circuit," as well as any other proceedings related thereto. Jackson claims that particularized disclosure of the grand jury transcripts will afford him the opportunity to fairly and adequately substantiate "the constitutional error" with facts in the record.

It does not appear that there are any pending or open matters challenging Jackson's criminal conviction. His § 2255 proceedings, under Jackson v. U.S.A., Civil No. 03-5682 (GEB), have been closed since December 12, 2006. Similarly, Jackson's criminal matter concluded in February 2003, when the Supreme Court of the United States denied his writ of certiorari, and there has been no activity on the part of Jackson, until his May 2009 motion for disclosure of grand jury transcripts.

Jackson claims need for the grand jury transcripts based on alleged "inherent inconsistencies between the Mbonu-Ike and Caprio sworn testimonies given at direct and at Grand Jury."

4

Jackson contends that his sentence was improperly enhanced and that he did not have a fair trial due to the inability of effective cross-examination.  Jackson does not indicate any factual basis for the alleged inconsistencies.

## **DISCUSSION**

Disclosure of grand jury material is contrary to the "'long established policy that maintains the secrecy of grand jury proceedings in the federal courts.'"  United States v. Sells Engineering, Inc., 463 U.S. 418, 424 (1983)(quoting United States v. Procter & Gamble Co., 356 U.S. 677, 681 (1958)); In re Grand Jury Investigation, 903 F.2d 180, 182 (3d Cir. 1990); United States v. Giampa, 904 F. Supp. 235, 287 (D.N.J. 1995); United States v. Eisenberg, 773 F. Supp. 662, 707 (D.N.J. 1991); see also In re Grand Jury Investigation, 55 F.3d 350, 353-54 (8th Cir.), cert. denied, 516 U.S. 917 (1995).  The Supreme Court has observed grand jury secrecy is "older than our Nation itself." Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399 (1959).  "Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye....  The rule of grand jury secrecy was imported into our federal common law and is an integral part of our criminal justice system."  Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218 n. 9 (1979).

This general rule of grand jury secrecy is now codified in Rule 6(e) of the Federal Rules of Criminal Procedure ("Rule 6(e)").[2]  Id.  Rule 6(e) applies "not only to information drawn from transcripts of grand jury proceedings, but also to anything which may reveal what occurred before the grand jury."  In re Grand Jury Matter, 682 F.2d 61, 63 (3d Cir. 1982); see Fund for Constitutional Gov't v. National Archives & Records Serv., 656 F.2d 856, 869 (D.C.Cir. 1981) (scope of grand jury secrecy encompasses anything which would reveal "the identities of witnesses or jurors, the substance of the testimony, the strategy or direction of the investigation, the deliberations or question of the jurors, and the like")(quoting SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1382 (D.C.Cir.), cert. denied, 449 U.S. 993 (1980)).

The secrecy of grand jury proceedings is not absolute, however.  In re Grand Jury Investigation, 903 F.2d at 182; see Davies v. Commissioner of Internal Revenue, 68 F.3d 1129, 1130

---

[2] Rule 6(e)(2)(B) states, in pertinent part:
Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: (i) a grand juror; (ii) an interpreter; (iii) a court reporter; (iv) an operator of a recording devise; (v) a person who transcribes recorded testimony; (vi) an attorney for the government; or (vii) a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii).
  Rule 6(e)(7) states that "[a] knowing violation of Rule 6, or of any guidelines jointly issued by the Attorney General and the Director of National Intelligence under Rule 6, may be punished as a contempt of court."

(9th Cir. 1995). "Rule 6(e) protects only materials that 'reveal some secret aspect of the inner workings of the grand jury.'") (quoting United States v. Dynavac, Inc., 6 F.3d 1407, 1413 (9th Cir. 1993)). Rule 6(e)(3)(E) authorizes disclosure by court order and states, in pertinent part:

> The court may authorize disclosure -- at a time, in a manner, and subject to any other conditions that it directs -- of a grand jury matter:
>
>> (i) preliminarily to or in connection with a judicial proceeding;
>> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury; ...

Id.

The party moving for court-ordered disclosure bears a heavy burden of demonstrating (1) "the material [he or she] seek[s] is needed to avoid a possible injustice in another judicial proceeding," (2) "the need for disclosure is greater than the need for continued secrecy" and (3) "[the] request is structured to cover only material so needed." Douglas, 441 U.S. at 222 (footnote omitted); Giampa, 905 F. Supp. at 287; Eisenberg, 773 F. Supp. at 707. The most significant factor which a party seeking disclosure must show is a "particularized need" for the information. United States v. Mechanik, 475 U.S. 66, 75 (1986)(Burger, C.J., concurring); Sells Engineering, 463 U.S. at 434; Illinois v. Abbott & Assocs., Inc., 460 U.S. 557, 567 (1983); United States v. Canino, 949 F.2d 928, 943 (7th Cir.

7

1991), cert. denied, 504 U.S. 915 (1992); In re Lynde, 922 F.2d 1448, 1452 (10th Cir. 1991); United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989); Giampa, 904 F. Supp. at 287; In re Disclosure of Grand Jury Material, 645 F. Supp. 76, 78 (N.D.W.Va.1986); see also Hernly v. United States, 832 F.2d 980, 984 (7th Cir. 1987) ("secrecy is not broken 'except where there is a compelling necessity' for the material") (quoting United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958)).

Furthermore, there is a presumption of regularity in grand jury proceedings. United States v. R. Enterprises, Inc., 498 U.S. 292, 300-01 (1991); United States v. Educational Development Network Corp., 884 F.2d 737, 740 (3d Cir. 1989), cert. denied, 494 U.S. 1078 (1990); United States v. Chimurenga, 609 F. Supp. 1070, 1075 (S.D.N.Y. 1985), aff'd sub nom., United States v. Pean, 800 F.2d 1129 (2d Cir. 1986). Therefore, to obtain information about the conduct of grand jury proceedings, a party must offer evidence of a "substantial likelihood of gross or prejudicial irregularities in the conduct of the grand jury." United States v. Budzanoski, 462 F.2d 443, 454 (3d Cir. 1972), cert. denied, 409 U.S. 949 (1972); Eisenberg, 773 F. Supp. at 707; United States v. Dioguardi, 332 F. Supp. 7, 20 (S.D.N.Y. 1971). Conclusory or speculative allegations about what went wrong in a grand jury proceeding give no cause to question the regularity of the grand jury's functioning. Budzanoski, 462 F.2d

at 454; Giampa, 904 F.Supp. at 288; United States v. Zuluaga, 651 F. Supp. 746, 748 (E.D.N.Y. 1986); United States v. Gordon, 493 F. Supp. 814, 817 (N.D.N.Y. 1980), aff'd, 655 F.2d 478 (2d Cir. 1981). Nor do such allegations outweigh the need for secrecy. Zuluaga, 651 F. Supp. at 748.

In considering the effects of disclosure upon grand jury proceedings, the Supreme Court has stated:

> [C]ourts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries .... Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties.

Douglas Oil, 441 U.S. at 222; accord Hernly, 832 F.2d at 984; Grand Jury Material, 645 F. Supp. at 78; In re Grocery Products Grand Jury Proceedings of 1983, 637 F. Supp. 1171, 1174 (D.Conn. 1986); see also In re Petition of Tribune Co., 784 F.2d 1518, 1522 (11th Cir. 1986)("courts retain an obligation ... to preserve the secrecy of grand jury proceedings and the privacy of jurors"). Even after a grand jury has completed its investigation, a court is not relieved of its obligation to apply the rationale set forth in Douglas Oil. Lynde, 922 F.2d at 1454; Shell v. Wall, 760 F. Supp. 545, 547 (W.D.N.C. 1991); In re Grand Jury Proceedings (Daewoo), 613 F. Supp. 672, 679 (D.Or. 1985). As the Court stated in Lynde:

> [A]s the reasons for protecting grand jury proceedings become less significant the burden of showing justification

9

>lessens accordingly. However, when the relevant grand jury proceedings have been concluded, as in the present case, "the interests in grand jury secrecy, although reduced, are not eliminated." There must still be a sufficient showing of the factors announced in Douglas Oil. ...

Lynde, 922 F.2d at 1454 (quoting Douglas Oil, 441 U.S. at 222; accord Hernly, 832 F.2d at 984; Shell, 760 F. Supp. at 547. Moreover, "one's right to disclosure may not ... rest simply upon the weakness of the public interest considerations in favor of secrecy; there must be some real showing of need on the part of the moving party." In re Grand Jury Proceedings, 800 F.2d 1293, 1300, 1302 (4th Cir. 1986); Shell, 760 F. Supp. at 548.

In this case, Jackson offers no evidence or compelling argument to justify the disclosure of the grand jury material he seeks. Jackson broadly alleges that there are "inherent inconsistencies between the Mbonu-Ike and Caprio testimonies given at direct and at Grand Jury," that resulted in an unfair trial due to the inability to cross examine the witnesses at trial effectively. He also alleges that the grand jury testimonies were used to improperly enhance his sentence. Neither of these arguments demonstrate a particularized need for disclosure of the grand jury transcripts at this late date, many years after his conviction became final.

Indeed, Jackson had many opportunities to raise these claims concerning alleged grand jury inconsistencies, on direct appeal and on collateral review, yet this is the first time he asserts

that disclosure of the grand jury testimonies was necessary for effective cross-examination at trial.  Moreover, in his § 2255 proceedings, Jackson asserted numerous ineffective assistance of counsel claims, but never raised an issue about purported inconsistencies between grand jury and trial testimonies that affected his counsel's cross-examinations at trial.  Rather, it would appear that Jackson is attempting to use the grand jury transcripts as a discovery device without providing a sufficient factual basis of any prejudicial irregularities in the conduct of the grand jury.

Further, Jackson has failed to identify any constitutional error in the grand jury process other than his conclusory allegation that disclosure of the testimonies of grand jury witnesses was necessary for a fair trial.  Instead, Jackson advances a bald contention without any factual support, years after his conviction, appeals and habeas remedies have been exhausted.  See, e.g., United States v. Blackwell, 954 F. Supp. 944, 965 (D.N.J. 1997) ("Conclusory or speculative allegations about what went wrong in a grand jury proceeding give no cause to question the regularity of the grand jury's functioning." (citations omitted)).  As stated above, "mere speculation" or bald claims without a showing of "particularized need" are insufficient to warrant disclosure of the information Jackson now seeks.

11

Finally, there are no pending judicial proceedings that would be aided by disclosure of the grand jury testimonies. Jackson's collateral proceedings have been closed since December 2006, and direct appeal from his conviction and sentence concluded in February 2003. Therefore, having failed to demonstrate a particularized need for the grand jury material he seeks, Jackson's motion will be denied.

## **CONCLUSION**

For the reasons set forth above, Jackson's motion for disclosure of grand jury transcripts of witness' testimonies will be denied for failure to demonstrate a particularized need for such records. An appropriate Order accompanies this Opinion.

                                             /s/ Garrett E. Brown, Jr.
                                      GARRETT E. BROWN, JR., Chief Judge
                                      United States District Court
                                      District of New Jersey

Dated: June 4, 2009